The STATE of Ohio, Appellee,

v.

KING, Appellant.

[Cite as *State v. King* (1996), 114 Ohio App.3d 669.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2549–M.

Decided Oct. 23, 1996.

670

[redacted]

*Sharlene A. Zee*, Medina County Assistant Prosecuting Attorney, for appellee.

*Paul J. Stano*, for appellant.

QUILLIN, Presiding Judge.

William D. King appeals his conviction for violating Medina Municipal Ordinance 331.39(A)(1). We affirm.

On May 15, 1995, King was given an Ohio Uniform Traffic Ticket charging him with "disobeying a clearly visible electric or mechanical signal device giving warning of the immediate approach of a train" in violation of Medina Municipal Ordinance 331.39(A)(1). On May 22, 1995, King appeared in Medina Municipal Court and pleaded not guilty to the charge.

King's trial was originally set for Friday, June 9, 1995, but was *sua sponte* continued beyond the limits of Ohio's speedy trial statute. In a journal entry dated June 12, 1995, the trial court offered the following reason for rescheduling King's trial: "Prior scheduled hearing went past close of business. Court will not begin a [hearing] at 4:55 p.m." After several more continuances, which were caused by King's repeated failure to appear, trial was finally set for February 28, 1996. Meanwhile, King moved to dismiss the charges against him. King claimed (1) that the city could not prosecute him because the six-month statute of limitations had run out, and (2) that his right to a speedy trial had been violated. The trial court denied his motion. King was later found guilty of violating Medina Municipal Ordinance 331.39(A)(1), a minor misdemeanor, and was fined.

Through his only assignment of error, King contends that the trial court erred in overruling his motion to dismiss the charges against him.

King's first argument is that he was denied his right to a speedy trial. King claims that the trial court's *sua sponte* continuance of his case beyond the statutory time limit was unreasonable. This argument is without merit.

Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to a speedy trial. *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 364–365, 383 N.E.2d 579, 581–582. Ohio's speedy trial statute provides that a defendant charged with a minor misdemeanor "shall be brought to trial within thirty days after his arrest or the service of summons." R.C. 2945.71(A). Thus, King should have been brought to trial on or before June 14, 1995.

Nevertheless, R.C. 2945.72 states:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

" * * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

Thus, the time limits mandated by R.C. 2945.71 are flexible to a degree. *State v. Mincy* (1982), 2 Ohio St.3d 6, 7, 2 OBR 282, 282–283, 441 N.E.2d 571, 572. A trial court's *sua sponte* continuance beyond the thirty-day limit is permitted if the "trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof." *Aurora v. Patrick* (1980), 61 Ohio St.2d 107, 109, 15 O.O.3d 150, 151, 399 N.E.2d 1220, 1221.

It should be noted, however, that "[i]n cases such as these, it is difficult, if not unwise, to establish a *per se* rule of what constitutes 'reasonableness' beyond the [thirty]-day stricture of R.C. 2945.71." *State v. Saffell* (1988), 35 Ohio St.3d 90, 91, 518 N.E.2d 934, 935. Accordingly, the resolution of this issue depends upon "the peculiar facts and circumstances of a particular case." *Id.*

Under the facts of this case, we conclude that the trial court's *sua sponte* continuance was reasonable within the ambit of R.C. 2945.72(H). A review of the record shows that on the original trial date, King was in court on two unrelated matters. King's first trial was completed after the close of business in the court. The trial court then performed two weddings for people who had been waiting for a significant time. The trial court was unable to get to King's second case until 4:55 p.m. At that point, since it was a Friday and past the close of business, the court rescheduled King's trial. We believe that King has not demonstrated any prejudice resulting from the court's continuance and that the purpose and necessity for the delay were reasonable. See *State v. Harr* (1992), 81 Ohio App.3d 244, 248, 610 N.E.2d 1049, 1051–1052.

King's second argument is that the city could not prosecute him because the statute of limitations had run on the traffic violation. King contends that the city failed to file charges against him within six months after the date of the commission of the offense. We disagree.

The record reveals that King was charged with violating Medina Municipal Ordinance 331.39(A)(1), a minor misdemeanor. The applicable statute of limitations for a minor misdemeanor is R.C. 2901.13(A)(3), which provides that prosecution shall be barred unless it is commenced within six months after an offense is committed. The statute also defines the commencement of prosecution as including the date of issuance of a citation or other process. R.C. 2901.13(E).

This court has recognized that pursuant to Traf.R. 3(A) a citation in the form of a uniform traffic ticket constitutes the complaint and summons for violating a particular traffic law. See *State v. Tromler* (May 15, 1996), Medina

App. No. 2486–M, unreported, 1996 WL 255884. See, also, *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, 221–222, 478 N.E.2d 803, 805–806. Because the uniform traffic ticket serves as the complaint and summons, the issuance of this type of ticket also serves as the commencement of prosecution for a traffic offense pursuant to R.C. 2901.13(E). See *Tromler, supra.* Here, the police officer issued the uniform traffic ticket on the same day King committed the offense. Thus, the prosecution for King's traffic violation commenced within the applicable six-month statute of limitations.

Accordingly, King's sole assignment of error is overruled.

*Judgment affirmed.*

BAIRD and DICKINSON, JJ., concur.