DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Scott Arnott, appeals his conviction for assault in the Summit County Court of Common Pleas. We affirm.
On July 10, 1996, Defendant was arrested following an altercation with Deputies Scott Cottle and Brian Warren of the Summit County Sheriff's Department. On September 5, 1996, he was indicted on one count of felonious assault, a violation of R.C.2903.11(A)(1); one count of assault, a violation of R.C.2903.13(A); one count of vandalism, a violation of R.C.2909.05(B); one count of domestic violence, a violation of R.C.2919.25(A); one count of impersonating a peace officer, a violation of R.C. 2921.51(B); one count of resisting arrest, a violation of R.C. 2921.33; and one count of obstructing official business, a violation of R.C. 2921.31. The indictment was later amended to include two counts of felonious assault, violations of R.C. 2903.11(A)(1), and two counts of assault, violations of R.C.2903.13(A). Following a series of continuances, the trial was scheduled for May 19, 1997. The trial court sua sponte continued Defendant's trial from May 19, 1997, to September 4, 1997, because the court was unavailable.
On September 3, 1997, Defendant moved to dismiss all charges for failure to timely prosecute the case. The trial court granted the motion to dismiss from the bench, but did not journalize that ruling. The state moved for reconsideration of the court's oral ruling. On September 5, 1997, the trial court ordered the parties to brief the speedy trial issue and clarified that the charges against Defendant had not yet been dismissed. The trial judge recused herself on October 15, 1997, prior to ruling on the state's motion to reconsider. The case was reassigned to a visiting judge. On November 13, 1997, the trial court found the state's motion to reconsider well taken and denied Defendant's motion to dismiss.
On February 24, 1998, following a jury trial, Defendant was convicted of assaulting Deputy Scott Cottle. The jury found Defendant not guilty of all remaining charges. The trial court sentenced Defendant to a prison term of sixteen months and ordered him to pay a $2,000 fine. Defendant timely appealed and has raised four assignments of error.
 ASSIGNMENT OF ERROR I The trial court erred by failing to bring the [Defendant] to trial within the 270 day time limit as mandated by R.C. 2945.71.
In his first assignment of error, Defendant has argued that his trial date fell beyond the time frame provided by Ohio's speedy trial statute and that the continuance granted by the trial court on May 19, 1997, did not toll the running of the statute. We disagree.
R.C. 2945.71(C) provides that a person charged with a felony must be brought to trial within two hundred seventy days after arrest. This time may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). A trial court may sua sponte grant a continuance beyond the prescribed time limit provided that such a continuance is reasonable and is made by journal entry prior to the expiration of the speedy trial period. State v. King (1994),70 Ohio St.3d 158, 162. There is no per se rule defining what constitutes reasonableness beyond the time limitations provided in R.C. 2945.71. State v. Saffell (1988), 35 Ohio St.3d 90, 91. Rather, reasonableness must be affirmatively demonstrated by the record upon consideration of the facts and circumstances surrounding each case. State v. King (1996), 114 Ohio App.3d 669,672.
Four hundred twenty-one days elapsed between Defendant's arrest and the trial date of September 4, 1997. Of these, one hundred forty-four days were tolled by various continuances up until the original May 19, 1997, trial date. The continuance granted sua sponte by the trial court added another one hundred eight days, extending seven days beyond the statutory limit of two hundred seventy days if the time was not tolled for the duration of the continuance.
On May 19, 1997, Defendant's attorney met with the prosecutor and the bailiff of the trial court. The bailiff informed them that the trial could not proceed as scheduled because the judge was out of the country. The bailiff testified that the trial date of September 4, 1997, was selected because that date was the first day on which the case could be scheduled. The record is unclear as to whether Defendant agreed to the new trial date or participated in its selection.
There is nothing inherently unreasonable in a trial court's decision to set the length of a continuance according to the court's next available trial date. State v. Harr (1992), 81 Ohio App.3d 244,248. In this case, the September 4, 1997, date pushed Defendant's trial only seven days past what would have been the end of the statutory time period for his trial. Whether an earlier trial date could have been scheduled due to later changes in the court's docket is not relevant as to whether the length of the continuance was reasonable when granted. Id. The trial court is not expected to anticipate future changes in its docket and to journalize accordingly. See id. While the better practice in this case would have been for the trial court to more clearly articulate the reason for the delay, the record affirmatively demonstrates that the continuance from May 19, 1997, to September 4, 1997, was reasonable under the circumstances. Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The trial court erred by not granting [Defendant's] motion to grant a mistrial because his right to a fair and impartial jury was violated when a juror had an extremely prejudicial conversation with a courtroom deputy.
ASSIGNMENT OF ERROR III
 The trial court [erred by] fail[ing] to grant a mistrial because the jury was greatly prejudiced by jury instructions taken out of context of the jury charge.
In his second and third assignments of error, Defendant has argued that the trial court erred by failing to grant his motion for a mistrial. Because these assignments raise similar issues, we will address them simultaneously.
A mistrial need not be granted by the trial court unless justice requires and a fair trial is impossible. State v. Garner
(1995), 74 Ohio St.3d 49, 59. The decision to grant a mistrial lies within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of the court's discretion that results in material prejudice to the defendant. State v.Tillman (1997), 119 Ohio App.3d 449, 461. An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. See State v. Brown (1988), 38 Ohio St.3d 305,312.
Defendant has argued that the trial court should have granted a mistrial after his attorney witnessed a conversation between a courtroom deputy and a juror. Defendant alleges that this conversation was "extremely prejudicial" because (1) the victims in the case were also deputies; (2) the subject matter of the conversation may have been an arm injury sustained by the deputy or his son; and (3) Deputy Brian Warren, one of the alleged victims, claimed to have sustained an elbow injury.
"[A] court will not reverse a judgment based on juror misconduct unless prejudice to the complaining party is shown."State v. Keith (1997), 79 Ohio St.3d 514, 526. In this case, Defendant asks this court to presume both that the contact between the juror and the deputy involved the subject matter of the case and that the conversation resulted in prejudice to Defendant. We cannot do so.
As an initial matter, we note that whether the subject matter of the conversation was an arm injury to the deputy, as Defendant has argued, is largely irrelevant to this appeal. Deputy Brian Warren alleged that he sustained a serious arm injury as a result of the altercation with Defendant. Defendant, however, was not convicted of assaulting Deputy Warren. He was convicted of assaulting Deputy Scott Cottle, but Deputy Cottle did not complain of an arm injury. In addition, Defendant repeatedly rejected the trial court's attempts to bring the juror involved in the alleged improper conduct before the court for a hearing. Defendant has failed to demonstrate that he was prejudiced in any way by the conversation between the deputy and the juror.
Defendant has also argued that the trial court erred by sending a magnified chart containing the definitions of physical harm and serious physical harm to the jury. The chart was created by the state, but was not admitted into evidence. The definitions were contained in the court's instructions to the jury.
Defendant was charged, in the alternative, with assault and felonious assault. While felonious assault requires serious physical harm to the victim, assault requires only physical harm. R.C. 2903.11(A)(1) and 2903.13(A). Defendant was convicted of assault and acquitted on the charges of felonious assault. He has not demonstrated any prejudice resulting from the court's action. Assuming, arguendo, that the trial court erred by displaying the definitions to the jury, any error in this respect is harmless. See Crim.R. 52(A).
Because Defendant has failed to demonstrate that he was prejudiced in either of these situations, we conclude that the trial court's refusal to grant a mistrial was not an abuse of discretion. Defendant's second and third assignments of error are overruled.
ASSIGNMENT OF ERROR IV
 The trial court erred by refusing to disqualify itself because it was wrongfully appointed per Local Rule 7.09 which requires that in the event of disqualification the case shall be, first, assigned to another judge of the division and then to a visiting judge if a judge of the division is not available.
In his final assignment of error, Defendant has argued that this case should not have been assigned to a visiting judge on the trial court. This argument is also without merit.
Loc.R. 7.09 of the Court of Common Pleas of Summit County, General Division does not lend itself to Defendant's construction. Even were we to assume that Defendant's construction is correct, the record is silent as to how the trial court was selected after the recusal of the original judge. Further, Defendant has not demonstrated any prejudice that resulted from the appointment of a visiting judge. Accordingly, any error was harmless and may be disregarded by this court. See Crim.R. 52(A). Defendant's final assignment of error is overruled.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ LYNN C. SLABY
FOR THE COURT
CACIOPPO, J.
QUILLIN, J. CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)