[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The record does not demonstrate the errors alleged by appellant in her assignments of error. She refers to matters outside of the record, which this court cannot consider, as well as to matters to which she did not timely object, thereby waiving any error. See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,520 N.E.2d 564; State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500; State v. Williams (1977), 51 Ohio St.2d 112,364 N.E.2d 1364, reversed as to death penalty (1978),438 U.S. 911, 98 S.Ct. 3137. The record demonstrates that appellant was adequately informed of the charges against her, and that the trial court had both subject-matter jurisdiction and personal jurisdiction. See Barberton v. O'Connor (1985), 17 Ohio St.3d 218,478 N.E.2d 803; State v. King (1996), 114 Ohio App.3d 669,683 N.E.2d 870; State v. Jones (1991), 76 Ohio App.3d 604,602 N.E.2d 751. Further, the record does not show that appellant was deprived of due process in any manner, and we overrule her seven assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.