OPINION
{¶ 1} Defendant-appellant Colleen Daily appeals her conviction by the Richland County Court of Common Pleas of one count of aiding and abetting safecracking, and one count of receiving stolen property. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW {¶ 2} On or about January 21, 2004, William Baxter, Julius "Tony" Jose and Derek Gearhart broke into the Nichols Furniture store in Galion, Ohio and stole a safe. Later that morning, Baxter picked his sister, the appellant, up from work. The safe was still in the backseat of Baxter's car, with a blanket draped over it. Appellant asked Baxter if the item was a stereo speaker, at which time he removed the blanket and showed appellant the safe.
 {¶ 3} After picking up Jose and Gearhart, Baxter had appellant drive them all to appellant's apartment. Baxter told the appellant that he had to open the safe in her apartment because he could not carry it up to the second floor apartment in which he resided at the time. Appellant did not object.
 {¶ 4} The three men unloaded the safe and took it into appellant's apartment, where they attempted to open it. The safe was eventually opened, and the three men divided the money equally between them. Baxter then gave appellant a portion of his share of the money for letting them use her apartment. Jose and Gearhart also gave appellant a smaller amount of money out of their share of the proceeds. The three men left appellant's apartment, taking the safe doors with them. The rest of the safe remained in appellant's apartment.
 {¶ 5} Subsequently, investigating officers received an anonymous tip concerning the Nichols Furniture store theft and, after observing a safe inside appellant's apartment through an open window, obtained a warrant to search her apartment. The search revealed the safe with the doors torn off, items belonging to the appellant, and evidence that the safe had been opened in the apartment.
 {¶ 6} On or about May 6, 2004, appellant was indicted on one count of aiding and abetting safecracking in violation of R.C.2911.31, a felony of the fourth degree, and receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree. She was arrested on May 13, 2004.
 {¶ 7} Appellant posted bond on May 14, 2004, and was arraigned on May 25, 2004. Pre-trial conferences were conducted on June 7, 2004, and September 20, 2004. The matter remained unresolved, and was set for trial on December 13, 2004, 197 days after arrest according to the appellant.
 {¶ 8} On January 4, 2005, the trial court issued an Order of Trial Continuance, continuing the December 13, 2004, trial date due to the fact that another case, entitled State v. Feagin,
Richland County Court of Common Pleas Case No. 03 CR 086, had gone forward on said date. The trial court tolled the time for speedy trial purposes, due to conflicts on its crowded docket and the intervening holidays, and the matter was re-scheduled for trial on March 7, 2005. Utilizing appellant's December 13, 2004, trial date speedy trial calculation, the January 4, 2005, Order was issued 219 days after appellant's arrest. The March 7, 2005, rescheduled trial date was 281 days after appellant's arrest.
 {¶ 9} On March 7, 2005, the trial court issued a second Order of Trial Continuance, in which it ordered that the jury trial of appellant's case be continued due to the fact that another case, entitled State v. Fields, Richland County Court of Common Pleas Case No. 04 CR 495, had gone forward on said date. The trial court rescheduled the appellant's case for trial on April 25, 2005, which was, according to the appellant, 327 days after appellant's arrest.
 {¶ 10} Appellant's trial commenced on April 25, 2005, at which time appellant moved for dismissal based upon speedy trial claims. Said motion was overruled. During trial appellant testified that she didn't know the safe was in the car, and that she entered her apartment, took a shower and returned to her living room, where she found the safe, which had apparently been brought in while she showered. She testified further that she told Baxter, Jose and Gearhart to "get it out of there". However, Baxter testified that not only was appellant aware that the safe was in her apartment, but that she sat on her bed and watched he, Jose and Gearhart try to open it. He testified further that when the men encountered difficulty opening the safe, appellant told them that she knew someone who could open it. Other witnesses testified similarly, including Jose. Baxter also testified that he gave the appellant a cut of the money since the men had opened the safe in appellant's apartment. His testimony was corroborated by the testimony of Angela Queen, a friend of Baxter's and Jose's former girlfriend, who heard appellant say she "wanted a cut (of the money) because they used her house." Tr. at 124.
 {¶ 11} The jury convicted the appellant on both counts and the trial court sentenced appellant to nine months for the safecracking conviction and six months for the receiving stolen property conviction.
 {¶ 12} Appellant appeals, setting forth the following assignments of error:
 {¶ 13} "I. THE TRIAL COURT ERRED IN ORDERING THE TIME TOLLED IN THE JANUARY 4, 2005 JUDGMENT ENTRY.
 {¶ 14} "II. THE CONVICTION OF AIDING AND ABETTING IN SAFECRACKING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 15} In her first assignment of error, the appellant argues that the trial court erred when, in its January 4, 2005, Order, it tolled the 270 day statutory time period within which appellant should have been brought to trial. We disagree.
 {¶ 16} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In addition to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73 set forth specific time requirements within which the State must bring an accused to trial. State v. Baker, 78 Ohio St.3d 108,110, 1997-Ohio-229, 676 N.E.2d 883
 {¶ 17} R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after the person's arrest. R.C. 2945.72 provides for extensions of time for hearing or trial, and states that in addition to extensions resulting from the accused's own motion, the time within which an accused must be brought to trial may be extended for, inter alia, "any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and 2945.72, the accused shall be discharged. The law in Ohio is that speedy trial time starts to run the day after arrest. R.C. 2945.71.
 {¶ 18} The Ohio Supreme Court, in the case of State v.King, 70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903, addressed the issue of when and how a trial court may sua sponte continue a trial beyond the time limit prescribed in R.C.2945.71(C)(2), stating: "that any sua sponte continuance must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance." Id. at 160. See, also,State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571. The reasonableness of a continuance must be reviewed on a case by case basis. See, State v. Saffell (1988), 35 Ohio St.3d 90, 91,518 N.E.2d 934.
 {¶ 19} The trial court's January 4, 2005 order was issued 219 days after appellant's arrest — clearly prior to the expiration of the 270 day statutory time limit. Further, said order set forth the trial court's reason for the continuance and its decision to toll the statutory time limit; that is, the conflict between the appellant's trial date and an older criminal case that was tried on the same date, as well as the trial court's crowded docket and the intervening holidays.
 {¶ 20} The court in the case of State v. Glass, Auglaize App. No. 2-04-01, 2004-Ohio-4402, appl. not allowed,104 Ohio St.3d 1460, 2005-Ohio-204, 821 N.E.2d 577, addressed a similar issue. In Glass, the defendant was arrested on August 31, 2003, for operating a motor vehicle while under the influence, and his case scheduled for trial on November 24, 2003. The trial court ordered a continuance of the trial until December 15, 2003, and thereafter sua sponte ordered the case continued until January 12, 2004. In its order for continuance, the trial court cited scheduling conflicts within its docket for the trial dates in question. Id. at ¶ 11. Additionally, the trial court noted the difficulty of impaneling a jury on the date in question "because of the lack of potential jurors due to the approaching holidays and to illness." Id. The court of appeals found the continuance was reasonable and affirmed the judgment of the trial court.
 {¶ 21} In the case sub judice, the trial court's January 4, 2005 order continuing the trial and tolling the speedy trial time was issued prior to the expiration of the 270 day time limit, and contained reasonable justification for the continuance and tolling. The March 7, 2005, rescheduled trial date was 281 days after appellant's arrest, eleven days past the speedy trial time frame, a reasonable period of time.[1]
 {¶ 22} Accordingly, the appellant's first assignment of error is overruled.
 II {¶ 23} In her second assignment of error appellant argues that her conviction of aiding and abetting in safecracking was against the manifest weight of the evidence. We disagree.
 {¶ 24} It is axiomatic that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus,376 N.E.2d 578. Upon review, an appellate court must consider all of the evidence produced at trial, and in order to overturn a conviction, must find that the jury clearly lost its way and created a "manifest miscarriage of justice." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, superceded by constitutional amendment on other grounds as stated by State v.Smith, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668. In effect, the appellate court sits as a "thirteenth juror" and "disagrees with the factfinder's resolution of the conflicting testimony." Thompkins at 387.
 {¶ 25} The standard is difficult to meet, as the rule is necessary "to preserve the jury's role with respect to issues surrounding the credibility of witnesses." Id. at 389. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson, 66 Ohio St.3d 610, 616, 1993-Ohio-9,614 N.E.2d 742.
 {¶ 26} In the case sub judice, the jury heard the testimony of all the witnesses, including appellant. The jury considered all of the evidence, ascertained the veracity of all the witnesses, and concluded that the appellant was guilty beyond a reasonable doubt.
There is no evidence to suggest that the jury based its decision on sympathy or bias. The jury did not "lose its way and create a manifest miscarriage of justice". Accordingly, the appellant's second assignment of error of overruled.
 {¶ 27} The judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The fact that the appellant's trial had to be continued a second time, until April 25, 2005, due to a conflict with another criminal trial that went forward on March 7, 2005, does not render the January 4, 2005 continuance and tolling unreasonable.