OPINION *Page 2 
{¶ 1} Defendant Ronald Nichols appeals a judgment of the Court of Common Pleas of Richland County, Ohio, entered on a jury verdict of guilty on one count of receiving stolen property in violation of R.C.2913.51, a fifth degree felony; two counts of criminal damaging in violation of R.C. 2909.06, second degree misdemeanors; and two counts of possession of criminal tools in violation of R.C. 2923.24, first degree misdemeanors. The jury acquitted appellant of additional criminal damaging and possession of criminal tools charges. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS AS PROVIDED FOR BY REVISED CODE SECTIONS2945.71, 2945.72 AND 2945.73."
 {¶ 3} The record indicates the Grand Jury issued an indictment on January 12, 2006, setting forth seven counts. Appellant was arrested on January 20, 2006, and entered a not guilty plea on January 24, 2006. The original trial date was April 20, 2006.
 {¶ 4} On April 6, 2006, appellant moved to continue the trial date, and the court sustained the motion on April 10, continuing the trial to May 25, 2006. On May 18, 2006, the State filed a motion to continue because a witness was unavailable. On June 12, 2006, the court continued the matter until July 20, 2006. On July 20, 2006, the State and appellant filed a joint motion for continuance which the court granted on August 4, 2006. The case was set for September 21, 2006.
 {¶ 5} On September 22, 2006, the court sua sponte continued the trial because another criminal case was being tried. The court continued the trial to November 30, *Page 3 
2006. On December 6, 2006, the court continued the trial because another criminal case was also set for the date. The court re-set the matter for January 18, 2007, and on that date, the case was tried to a jury.
 {¶ 6} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71
through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker,78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883. R.C. 2945.71 requires the State to bring a person charged with a felony to trial within 270 days. However, the time limit can be tolled, or extended, pursuant to R.C.2945.72, which states, in relevant part:
 {¶ 7} "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 8} "* * * (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *"
 {¶ 9} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606, 681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to each side and determine whether the case was tried within the statutory time limits. City of Oregon v. Kohne (1997),117 Ohio App.3d 179, 690 N.E.2d 66.
 {¶ 10} Appellant was jailed on January 19 and released on January 20. Appellant remained free until he was jailed again on December 4. The State alleges he *Page 4 
was served with a warrant on an unrelated case on or about December 8. He was tried on January 18.
 {¶ 11} Appellant argues the record does not substantiate the state's claim he was held in jail for the unrelated case, and the state has relied on documents dehors the record. The State has included the docket sheet for case number 2006 CR 1006 as an attachment to its brief. However, attachments to a brief that are not part of the record cannot be considered by a reviewing court, see, e.g. State v. Hawley (1984),20 Ohio App.3d 59, 484 N.E.2d 231, 20 O.B.R. 62. The record indicates the State did not respond to appellant's January 18th motion to dismiss on speedy trial grounds and the court did not enter a judgment overruling it, so this court is unable to determine whether the information regarding the other case was ever presented to the trial court.
 {¶ 12} According to our calculations, appellant is entitled to a triple count for January 19, 380 days, single count for January 20 to December 3, and triple count, from December 4 to January 17. This totals 453 days.
 {¶ 13} On April 6, appellant moved to continue the case because counsel had just been appointed and had not received discovery. The court re-set the matter for May 25. Forty-nine days are attributable to this motion. On July 20, appellant and the prosecution filed a joint motion to continue, because not all the witnesses were available, and because defense counsel would be out of town the week of July 24th and the prosecutor would be out of town the week of July 31st. The court also noted the trial would last more than two days. The court continued the matter until September 21, which tolls 62 days. *Page 5 
 {¶ 14} The prosecutor's motion to continue because one of its witnesses was unavailable accounts for May 18 through July 20th. Appellant argues the State had the responsibility to subpoena its witnesses promptly so as to avoid these situations, but the court found the requested continuance was reasonable and we agree. A motion to continue based upon the unavailability of a witness acts to extend the speedy trial provisions if the length of the delay is reasonable. State v. Saffell (1988), 35 Ohio St.3d 90, 518 N.E.2d 934. The State's motion tolls 64 days.
 {¶ 15} The court also continued the matter sua sponte twice, for a total of 70 days. The reasonableness of a trial court's sua sponte continuance of a trial beyond statutory limit depends upon the facts and circumstances of each particular case and a court cannot establishper se rule of what constitutes "reasonableness". State v. King (1996),114 Ohio App.3d 669, 683 N.E.2d 870. The court must state its reasons in the judgment entry and journalize it before the running of the speedy trial time. Here the trial court stated the reason for the continuances on both occasions was a time conflict with another criminal case. InState v. Daily, Richland Co. App. No. 2005CA052, 2006-Ohio-5865, this court found continuances necessitated by a crowded docket are reasonable.
 {¶ 16} The total time tolled equals 248 days, which, when deducted from the total of 453 days, brings appellant's trial date to 205 days, within the statutory time. We conclude appellant was brought to trial within the statutory speedy trial time limit. The assignment of error is overruled. *Page 6 
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Wise, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant. *Page 1