THE STATE OF OHIO, APPELLANT, v. SAFFELL, APPELLEE.

[Cite as State v. Saffell (1988), 35 Ohio St. 3d 90.]

(No. 86-786—Decided February 3, 1988.)

*Richard L. Fox,* assistant city prosecutor, for appellant.

*Mary E. Wade,* joint county public defender, for appellee.

*Per Curiam.* R.C. 2945.72 provides in relevant part that: "* * * the time within which an accused must be brought to trial * * * may be extended only by * * * (H) * * * the period of any reasonable continuance granted other than upon the accused's own motion."

While R.C. 2945.71 prescribes that the instant defendant be brought to trial within ninety days of her arrest, the above-quoted statutory section permits a continuance beyond the ninety-day limit so long as the continuance is reasonable. In addition, precedent requires that such a continuance be necessary under the circumstances of the case. *Aurora v. Patrick* (1980), 61 Ohio St. 2d 107, 15 O.O. 3d 150, 399 N.E. 2d 1220.

It is contended by the state that the continuance granted in the cause *sub judice* was necessary based on the fact that the arresting officer was to be on vacation on the date originally set for defendant's trial. Nevertheless, the appellate court majority opined that while a continuance based on such a rationale was reasonable, the date set herein beyond the ninety-day period of R.C. 2945.71 was unreasonable in light of the fact that a trial for defendant could have been held prior to the expiration of the ninety-day period, but for the fact that the trial judge would be unavailable during the week of July 15, 1985. The court of appeals noted that the trial judge did not request the services of a visiting judge from the Chief Justice of the Supreme Court of Ohio pursuant to R.C. 1901.10.

Under the facts of this case, we do not believe that the continuance permitted by the trial judge was unreasonable within the ambit of R.C. 2945.72(H). In cases such as these, it is difficult, if not unwise, to establish a *per se* rule of what constitutes "reasonableness" beyond the ninety-day stricture of R.C. 2945.71. Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case. We hold that since the record affirmatively demonstrates that the continuance was reasonable in light of its necessity or purpose, a continuance setting the trial date beyond the ninety-day limit of R.C. 2945.71 should be permitted in this cause. See *State v. Lee* (1976), 48 Ohio St. 2d 208, 2 O.O. 3d 392, 357 N.E. 2d 1095.

Here, the state moved that the trial as originally scheduled be con-

tinued based on the fact that the arresting officer would be on vacation at that time. In the journal entry granting the continuance, the reasons for the continuance were specified prior to the expiration of the time limit prescribed in R.C. 2945.71. *State* v. *Mincy* (1982), 2 Ohio St. 3d 6, 2 OBR 282, 441 N.E. 2d 571.

A review of the record developed below indicates that July 24, 1985 was the earliest possible date that could have been set for defendant's trial, other than the week of July 15, 1985 when the trial judge was to be out of town. We do not believe that under such circumstances the trial judge was required to request the assignment of a visiting judge pursuant to R.C. 1901.10, given the fact that the assignment of such visiting judges is primarily and constitutionally within the discretion of the Chief Justice of this court. See Section 5(A), Article IV of the Ohio Constitution.

The record developed below reveals that the continuance and the reasons underlying it were journalized prior to the expiration of the ninety-day statutory time period consistent with the holding in *Mincy, supra.* In addition, we find that the record affirmatively indicates that the continuance granted a mere three days beyond the ninety-day limitation of R.C. 2945.71 was reasonable under the circumstances. Lastly, we hold that the continuance was necessary given the peculiar facts of the case. *Aurora, supra.* While under a different fact situation a continuance granted three days beyond the limitation of R.C. 2945.71 may be unreasonable or unnecessary, we do not find such to be the case herein.

Accordingly, the judgment of the court of appeals is reversed, and the conviction rendered by the trial court is hereby reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, DOUGLAS and H. BROWN, JJ., concur separately.

DOUGLAS, J., concurring. While I concur in the analysis and opinion of the majority, I feel compelled to address an issue overlooked by the majority. Although the majority correctly reverses the judgment of the court of appeals and reinstates appellee's conviction, I believe the better procedure to be a reinstatement of the conviction and remand to the trial court for possible further proceedings, consistent with our decision in *State* v. *McGettrick* (1987), 31 Ohio St. 3d 138, 31 OBR 296, 509 N.E. 2d 378. I believe the latter procedure more fully protects the rights of the parties, and additionally notifies the parties that we are aware that appellee died during the course of the appeal process.

LOCHER and H. BROWN, JJ., concur in the foregoing concurring opinion.