## State v. Clements
### [Cite as 8 AOA 714]

Case No. CA90-04-033
Clermont County, (12th)
Decided December 24, 1990

*Donald W. White, Clermont County Prosecuting Attorney, Daniel J. Breyer and David H. Hoffmann, 123 N. Third Street, Batavia, Ohio 45103, for plaintiff-appellant.*

*Chris Erhardt, 60 N. Market Street, Batavia, Ohio 45103, for defendant-appellee.*

JONES, P.J.

Defendant-appellee, John P. Clements, was indicted on January 19, 1989, for tampering with utility equipment in violation of R.C. 4933.18, and theft of utility services in violation of R.C. 4933.19. On January 22, 1989, a summons was served on Clements. Clements entered a plea of not guilty in court, and was released on a recognizance bond.

The initial trial date was set for September 7, 1989. On September 1, 1989, however, the state of Ohio filed a written motion to continue the September 7 trial date. A hearing was heard on this motion on September 6. The state indicated that a critical witness would not be available until mid to late October due to the witness suffering a heart attack. Clem-ents objected to the continuance. The trial court, though, found the continuance to be necessary and ordered the matter set for the next available trial date. Clements requested the court to set the trial date for after October 20, 1989 because his expert witness would be unavailable until that date.

On September 7, 1989, a notice of hearing was filed notifying both parties that a primary jury trial had been set for November 20, 1989. The case was also set for a backup trial on October 25, 1989. No entry reflecting the court's ruling was filed.

On October 2, 1989, the trial court filed an entry vacating the backup trial date at Clements' request, leaving the matter set for the primary jury trial on November 20.

The state filed a second written motion for continuance on November 15, 1989. The motion was heard by the court on November 16. The state's request was based upon the same reason as was indicated in its first continuance. Clements once again opposed the continuance, and moved for dismissal on the basis that the state failed to comply with the speedy trial requirements set forth in R.C. 2945.71. Clements argued that he should have been brought to trial before October 19, 1989, two hundred seventy days after the summons was served. The court denied Clements' motion.

The trial court concluded that the continuance was reasonable and therefore granted it. The matter was continued until March 13, 1990, the court's next available trial date. The court announced that it would set a backup date within the next thirty days. Clements, however, requested that a backup date not be set. This request was made to further the convenience of Clements' expert witness. No entry was journalized reflecting the court's decision. A notice of hearing was sent to all the parties on November 27, 1989, indicating that the matter was set for March 13, 1990.

On March 13, prior to the empaneling of the jury and upon Clements' motion, the trial court dismissed the charges. The court determined that, although the continuances had been reasonable and were granted in open court with notice to the parties, no entry had been journalized reflecting such rulings. The court held that Clements had not been tried within the time limits set forth in R.C. 2945.71, and should therefore be discharged.

From the trial court's ruling, the state has brought this timely appeal and assigns as error the following:

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO BRING THE DEFENDANT TO TRIAL WITHIN THE PERIOD SPECIFIED IN REVISED CODE SECTION 2945.71.

R.C. 2945.71(C) (2) provides that a person against whom a felony charge is pending

shall be brought to trial within two hundred seventy days after his arrest. Both parties agree that January 22, 1989, the date Clements was served with a summons, was the day that the two hundred seventy day trial time requirement began to run. As a consequence, Clements argues that he should have been brought to trial on or before October 19, 1989.

The two hundred seventy day requirement, however, is not a rigid rule. R.C. 2945.72 states:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"***

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

When granting a continuance, R.C. 2945.02 provides that the court shall enter on the journal the reason for the continuance.

The state contends that it is not necessary for a trial court to issue a journal entry when a continuance is requested by either the prosecutor or defendant. The state argues that a journal entry is required only when there is a *sua sponte* continuance. The state relies on the rule set forth in *State v. Mincy* (1982), 2 Ohio St. 3d 6. In *Mincy*, the trial court, *sua sponte*, changed the date of the trial. No journal entry, however, was filed setting forth the reason for the continuance. Paragraph one of the *Mincy* syllabus states "[w]hen *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 or bringing a defendant to trial."

The state contends that since the syllabus in *Mincy* refers only to a *sua sponte* continuance, a motion for continuance that is requested by the state or defendant does not require a journal entry. We believe that such a narrow reading of *Mincy* is incorrect. Although it is the general rule that the syllabus of an Ohio Supreme Court opinion represents the pronouncement of law in Ohio, the syllabus of the case must be read in light of the facts in the case. See *Wiss v. Cuyahoga County Bd. of Elections* (1980), 61 Ohio St. 2d 298. The facts in *Mincy* involved a *sua sponte*

continuance. The facts did not involve a motion for continuance by either the defendant or the state. Therefore, *Mincy* should not be read to hold that a journal entry is *only* required when there is a *sua sponte* continuance. There is nothing in the case law to lead be to conclude that an entry is not necessary when there is a continuance granted to the state. If anything, the Ohio Supreme Court has indicated otherwise.

When the court's opinion in *Mincy* is read in full, we find decision that reflects a policy on continuances in general, whether *sua sponte* or not. The court states that prior to the expiration of the two hundred seventy day statutory time limit, a defendant is entitled to be advised of the reason he is not being tried if his case is continued by the state or prosecutor. *Mincy, supra*, at 8.

Moreover, when the entire language of *Mincy* is read in con-junction viith a later decision of the Ohio Supreme Court, the proposition that a journal entry is required when there is a continuance sought by the state or court is clarified. In *Ohio v. Saffell*, (1988), 35 Ohio St. 3d 90, the state moved for á continuance of a scheduled trial date. The court, by journal entry, continued the trial. The Ohio Supreme Court held, in *Saffell*, that the journal entry granting the continuance was consistent with the holding in *Mincy*.

The court, in citing *Mincy*, gives validity to the argument that the state cannot interpret *Mincy* to apply only to a *sua sponte* continuance. Since *Saffell* pertains to a motion for continuance by the state and the court cites *Mincy* in support of its decision, we believe that an entry is required to be journalized for cases involving continuances granted to the state.

The state argues in the instant action that when a motion is filed in writing by the prosecutor and heard in open court with all the parties present, the defendant has knowledge of the reason for the delay, and can make the appropriate challenge as to the reasonableness of such delay. Although the state is correct, the Ohio Supreme Court has consistently held that "[s]ince a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit." *Mincy, supra*, at 8.[1] The journalization continuances produces a clear record, avoids needless speculation and controversy concern-

ing the court's action, and protects the rights of all parties.

Other Ohio appellate courts, following *Mincy*, have held that for purposes of R.C. 2945.72, the granting of a continuance must be recorded by the trial court in its journal entry. They have further held that the journal entry must identify the party to whom the continuance is chargeable. See *State v. Geraldo* (1983), 13 Ohio App. 3d 27, 30-31; *State v. Benson* (1985), 29 Ohio App. 3d 321, 323.

In view of the holdings found in *Mincy* and *Saffell*, the clear language of R.C. 2945.02, and the responsibility of the trial court, with the assistance of the prosecuting attorney, to ensure that an accused is brought to trial within the mandatory time limits set forth in R.C. 2945.71, we overrule the state's only assignment of error. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, J., concurs.

HENDRICKSON, J., concurs separately.

This is a case in which everything was done that should have been done in order to extend the time for trial, except entering on the journal the reason for the continuance. Under such circumstances, it is difficult to affirm the decision to dismiss for want of a speedy trial. Nevertheless, there is no indication that anyone attempted to cause an entry to be journalized *nunc pro tunc*. In my opinion, if this had been done, we would have had to reverse, but when the case comes before us without the necessary journal entry, we have no choice other than to affirm the decision of the trial court. (Nevertheless, a *nunc pro tunc* entry would never suffice where there is nothing in the record to indicate the reason for a continuance, that the defendant had notice of a request by the state for a continuance, and that the matter had been considered in open court.)

---

[1] See also Schenley v. Kanth (1953), 160 Ohio St. 109, paragraph one of the syllabus, quoted in State, ex rel. Hanley, v. Roberts (1985), 17 Ohio St. 3d 1, at 4 ("'A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum'"); and Brittman v. Brittman (1934), 129 Ohio St. 123, 127

("'The oral announcement of a judgment or decree by the trial court binds no one. It is axiomatic that the court speaks from its journal. Any other holding would necessarily produce a chaotic condition'").