OPINION
Appellant Robert Hersman is appealing his conviction in the Licking County Municipal Court. The following facts give rise to this appeal.
On January 30, 1998, Patrolman Dray, from the Ohio State Highway Patrol, charged appellant with operating a vehicle under the influence of alcohol/drug of abuse, no operator's license, marked lanes, loud muffler and a seat belt violation. On February 4, 1998, appellant appeared with counsel and entered a plea of not guilty to the above charges. The trial court scheduled a jury trial for April 6, 1998. The trial court sua sponte continued the jury trial until April 27, 1998.
On April 16, 1998, the state filed a motion to continue the jury trial because the arresting officer was not available due to prior commitment and scheduling. The trial court granted the state's motion and rescheduled the jury trial for June 1, 1998. On the day of trial, defense counsel moved to dismiss the charges against appellant because he was not brought to trial within ninety days as required by R.C. 2945.71(B)(2). The trial court denied appellant's motion. Thereafter, appellant entered a plea of no contest, on each charge, and the trial court sentenced appellant accordingly.
Appellant sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO DISMISS BECAUSE HE WAS NOT PROVIDED A TRIAL WITHIN THE TIME LIMITS IMPOSED BY SECTION 2945.71 OF THE OHIO REVISED CODE.
 I
Appellant contends, in his sole assignment of error, the trial court should have granted his motion to dismiss the charges against him as he was denied his right to a speedy trial under R.C. 2945.71(B)(2). We disagree.
R.C. 2945.71(B)(2) provides:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
"Upon appellate review, a speedy trial issue raises a mixed question of fact and law. We accept the facts found by the trial court on some competent credible evidence, but freely review application of the law to the facts." State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, unreported. A defendant establishes a prima facie case for discharge, under R.C. 2945.73, once he or she demonstrates that the time limit imposed by R.C.2945.71 has been exceeded. State v. Butcher (1986), 27 Ohio St.3d 28,30-31. Once this is established, the burden shifts to the state to show that the time limit was extended pursuant to R.C.2945.72. Id. at 31.
In the case sub judice, the trial court continued appellant's trial, for the third time, thirty-one days beyond the speedy trial deadline. In the case of State v. Wentworth (1978), 54 Ohio St.2d 171,173, the Ohio Supreme Court recognized that:
 * * * the prescribed time for trials set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions. [Citations omitted.]
R.C. 2945.72(H) tolls the running of the speedy trial time for "* * * the period of any reasonable continuance granted other than upon the accused's own motion;". The third continuance granted by the trial court, which went beyond the ninety-day deadline, was based upon the state's motion for a continuance filed on April 16, 1998. In its motion, the state explained Patrolman Dray "* * * the arresting officer and an essential witness to an OMVI A-1, is not available due to prior commitment and scheduling."
Continuances granted on the state's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. State v. Saffell
(1988), 35 Ohio St.3d 90, 91. The record must affirmatively demonstrate that the continuance was reasonable and necessary.Id. A continuance must be journalized before the expiration of the time limit specified in R.C. 2945.71. State v. King (1994),70 Ohio St.3d 158, 162, citing State v. Mincy (1982), 2 Ohio St.3d 6, syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. State v. Lee (1976), 48 Ohio St.2d 208, 210. "[I]t is difficult, if not unwise, to establish a per se rule of what constitutes `reasonableness' beyond the ninety-day stricture of R.C. 2945.71. Invariably resolution of such a question depends on the peculiar facts of a particular case." Saffell at 91.
In the case sub judice, the trial court granted the state's request for a continuance because Patrolman Dray was unavailable to testify on April 27, 1998. The Ohio Supreme Court held, inSaffell, that a continuance based on the fact that the arresting officer would be on vacation at the time of trial was not unreasonable. Id. at 92. We find the trial court's decision to grant the state a continuance due to the unavailability of Patrolman Dray was reasonable and necessary and therefore, tolled the running of speedy trial time under R.C. 2945.72(H). Further, the trial court granted the state's request for a continuance prior to the expiration of the ninety day deadline.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Licking County Municipal Court is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed.