OPINION
This is an accelerated appeal taken from a final judgment of the Western Division of the Ashtabula County Court. Appellant, the State of Ohio, appeals from the trial court's discharge of a criminal defendant based on speedy trial grounds.
On June 25, 1997, Officer Christopher Cahill ("Officer Cahill") of the Roaming Shores Police Department witnessed a motorcyclist with no taillight traveling at a high rate of speed on Hayford Road. This road is adjacent to the boundary line of Roaming Shores and is located wholly within Morgan Township. Officer Cahill activated his overhead lights and siren and initiated pursuit of the motorcycle on Hayford Road. Rather than obeying the command to stop, the motorcyclist accelerated in speed in an attempt to flee from the pursuing police car. Officer Cahill chased the suspect into the village of Rock Creek. The motorcyclist ultimately pulled into the residence of appellee, Richard E. Ritter. The suspect was later identified as appellee's son.
Officer Cahill called for backup, and two deputies from the Ashtabula County Sheriff's Department were dispatched to the scene. At that point, appellee allegedly confronted Officer Cahill and belligerently impeded the officer's ability to engage in a foot pursuit of the fleeing suspect. Eventually, the two deputies were able to apprehend appellee's son, while Officer Cahill arrested appellee for interfering with a police officer in the course of his official duties.
Appellee was charged with obstructing official business, a misdemeanor of the second degree, in violation of R.C. 2921.31. At his initial appearance on July 10, 1997, appellee pled not guilty to the offense. Appellee thereafter made a demand for a trial by jury, and the case was docketed accordingly for August 19, 1997.
On July 18, 1997, appellee filed a motion to dismiss the charge pending against him. As grounds for the motion, appellee claimed that Officer Cahill left his authorized jurisdiction of Roaming Shores to effectuate an arrest in Rock Creek. According to appellee, the officer was not permitted under Ohio law to make an arrest outside of his jurisdiction, and the trial court was obligated to dismiss any criminal charge that resulted from the illegal arrest.
The trial court conducted a hearing on the motion to dismiss on July 30, 1997. Certain factual stipulations were read into the record, but there was still disagreement as to whether Officer Cahill was authorized to leave the jurisdiction of Roaming Shores to arrest appellee's son based on the traffic violations. Consequently, the trial court ordered the parties to submit briefs on the legal questions presented by the motion, and the matter was scheduled for further hearing on August 27, 1997.
The defense filed its memorandum of law on August 25, 1997, and the state filed an answer brief the following day. It is unclear from the record whether the trial court ever conducted the second motion hearing following the submission of the parties' briefs.
The trial court ultimately denied the motion by judgment entry on January 14, 1998. In light of the trial court's refusal to dismiss the charge, the case was docketed for a jury trial on February 10, 1998. One day prior to trial, however, the state moved for a continuance on the basis that it had just been informed that a key witness would be unavailable to testify due to an out-of-town commitment the following day. The witness in question was one of the deputy sheriffs who assisted Officer Cahill on the night in question. The trial court granted the continuance upon finding that it was reasonable as contemplated by R.C. 2945.72(H). The matter was rescheduled for trial on March 31, 1998.
Subsequently, the state filed a motion for a second continuance on March 12, 1998. This request was based on the fact that the other deputy sheriff who had been subpoenaed to testify would be unavailable on the trial date because of a previously scheduled vacation. Again, the trial court granted the continuance for good cause shown by the state, to wit: unavailability of a critical prosecution witness. The case was then rescheduled for trial on April 21, 1998.
Five days prior to trial, however, appellee filed a motion for discharge pursuant to R.C. 2945.73. The motion alleged that appellee had been denied his statutory right to a speedy trial. On May 26, 1998, the trial court granted the motion, thereby discharging appellee. In doing so, the trial court concluded that each delay on an individual basis constituted a reasonable extension of speedy trial time, but "when taken together the total impact requires the granting of the Motion for Discharge."
From this judgment, the state perfected a timely appeal in this court. It now asserts the following assignment of error:
 "The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee's motion for discharge of defendant for delay in trial, where the trial court failed to properly appraise the effect of three distinct periods during which speedy-trial time tolled."
 In its sole assignment of error, the state challenges the trial court's decision to grant the motion for discharge. From the state's perspective, the trial court improperly assessed the effect of the three periods during which the time for bringing appellee to trial was tolled.
The Ohio speedy trial statutes, R.C. 2945.71 et seq., were enacted as a means of giving effect to the constitutional guaranties to a speedy trial set forth in the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. State v. Broughton (1991), 62 Ohio St.3d 253,256. Pursuant to R.C. 2945.71, the time within which an accused must be brought to trial in a misdemeanor case or accorded a preliminary hearing in a felony case is measured from the date of the arrest or service of summons. The statute provides in part:
 "(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
"* * *
 "(2)Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
 In the case at bar, appellee was charged with obstructing official business in violation of R.C. 2921.31. This is a misdemeanor of the second degree. As an initial matter, therefore, the state was statutorily obligated to bring appellee to trial within ninety days of the date of his arrest. Officer Cahill arrested appellee on June 25, 1997. Under the ninety-day time period of R.C. 2945.71(B)(2), the state initially had to try appellee on the charge by September 23, 1997.
R.C. 2945.72, however, contains an exclusive list of reasons which justify an extension of time for purposes of calculating the speedy trial date under R.C. 2945.71. Among the categories set forth in R.C. 2945.72 are as follows:
 "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
"* * *
 "(E)Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
"* * *
 "(H)The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 From the state's perspective, the time for bringing appellee to trial was extended significantly by the operation of R.C. 2945.72(E) and (H). Specifically, the state contends that R.C. 2945.72(E) acted to toll the speedy trial time during the interval of July 18, 1997 through January 14, 1998 as the trial court ruled on appellee's motion to dismiss the charge. According to the state, the trial court then reasonably granted two continuances based on the unavailability of a crucial prosecution witness, thereby tolling the time from February 10, 1998 until April 21, 1998 under R.C. 2945.72(H).
We will begin by addressing the state's argument that R.C.2945.72(E) tolled the running of the speedy trial time from July 18, 1997 through January 14, 1998. As described previously, the trial court originally scheduled the case for a jury trial on August 19, 1997. This trial date was only fifty-five days after appellee's arrest and was, therefore, well-within the ninety days allowed by R.C. 2945.71(B)(2).
On July 18, 1997, however, appellee filed a pretrial motion to dismiss the charge. Pursuant to R.C. 2945.72(E), it is uncontroverted that a motion to dismiss acts to toll the time in which a defendant must be brought to trial. State v. Bickerstaff
(1984), 10 Ohio St.3d 62, 67; State v. Brownlow (1991), 75 Ohio App.3d 88,92. Unquestion-ably, the statutory time for bringing appellee to trial was automatically tolled as of the date the motion to dismiss was filed.
The trial court conducted a hearing on the motion on July 30, 1997. The parties thereafter submitted briefs on the legal issues implicated by the motion. The briefing was completed by August 26, 1997. The trial court, however, did not rule on the motion until January 14, 1998.
A trial court does not have unbridled discretion over the amount of time it may take to rule on a defense motion. A strict adherence to the spirit of the speedy trial statutes requires the trial court to rule on such motions as expeditiously as possible. In other words, R.C. 2945.72(E) does not operate to extend unconditionally the time in which a trial must be conducted after the accused has filed a defense motion. Rather, it provides for an extension of time only for that period of delay "necessitated" by reason of a motion instituted by the accused.
Indeed, this court has previously held that the tolling period embodied by R.C. 2945.72(E) is subject to a requirement of reasonableness. State v. McNutt (Sept. 20, 1996), Ashtabula App. No. 96-A-0019, unreported, at 2, 1996 WL 586430. Other appellate courts have interpreted R.C. 2945.72(E) in a similar manner. See,e.g., State v. Arrizola (1992), 79 Ohio App.3d 72, 75-76; State v.Hogan (Oct. 9, 1997), Cuyahoga App. No. 71337, unreported, at 6, 1997 Ohio App. LEXIS 4548; State v. Clark (Apr. 25, 1997), Erie App. No. E-95-067, unreported, at 4-5, 1997 Ohio App. LEXIS 1731.
There are no specific criteria to apply when considering the reasonableness of a delay in ruling on a defense motion. The determination of whether a delay was inordinate is simply a judgment call. Careful consideration, though, must be given to the particular circumstances surrounding the case and the filing of the motion. An appellate court should consider all factors, including, inter alia, the nature of the motion itself, whether other motions were pending during the same period, and the presence of any extenuating circumstances which made ruling upon the motion extremely difficult.
In the case sub judice, the speedy trial time was appropriately tolled from July 18, 1997 through August 26, 1997. This period encompassed the filing of the motion, the holding of a hearing on the motion, and the submission of briefs by the parties. No one would seriously dispute that the ninety-day requirement of R.C.2945.71(B)(2) was properly suspended during this time.
The trial court then took the motion under consideration from August 27, 1997 through January 14, 1998. In other words, the trial court allowed one hundred forty-one days to pass before it denied the motion.[1]
Arguably, the trial court did take an excessive amount of time in rendering judgment on the motion to dismiss. The motion raised only one issue for the trial court's review, to wit: whether Officer Cahill illegally pursued the motorcyclist outside of his jurisdiction which, in turn, led to an unlawful arrest of appellee for interfering in the apprehension of the motorcyclist. The record also demonstrates that this was the only motion pending before the trial court in this case during the period in question. Nothing else was filed after the parties submitted their briefs until the trial court disposed of the motion on January 14, 1998.
In its judgment entry granting the motion to dismiss, the trial court indicated that the period of time that elapsed from the submission of the motion to the court's ruling thereon was not unreasonable. Under existing case law, a one hundred forty-one day delay in ruling on a motion to dismiss after the jurisdictional issue has been fully briefed falls within the rather nebulous gray area that exists on the spectrum between clearly reasonable and clearly unreasonable. Again, it is a judgment call. There was no other entry made by the trial court which set out any extenuating circumstances precipitating the delay. As a result, it would appear that the trial court took longer than it should have to dispose of the motion.
Nevertheless, in granting the discharge, the trial court appeared to focus more on the two continuances sought by the state as the proverbial "straw that broke the camel's back." It is well-settled that a continuance granted other than upon the accused's own motion must be both reasonable and necessary before the time for a speedy trial is properly tolled under R.C.2945.72(H). State v. Saffell (1988), 35 Ohio St.3d 90, 91; Aurorav. Patrick (1980), 61 Ohio St.2d 107, 109.
In this case, the prosecution sought the two continuances based on the unavailability of a police officer who was scheduled to testify at appellee's trial. There is case law to support the proposition that a motion for a continuance filed by the state is reasonable if a police officer who is scheduled to testify will be unavailable on the trial date due to a vacation or for other good cause shown. See, e.g., Saffell, 35 Ohio St.3d at 91; State v.Menke (May 18, 1988), Montgomery App. No. 10735, unreported, at 1, 1988 WL 53916.
At the time the requested continuances were granted, the trial court presumably viewed the delays as being both reasonable and necessary. However, when presented with appellee's motion for discharge on speedy trial grounds, the trial court in retrospect apparently felt otherwise.
In the end, the trial court expressly found that although each of the three delays, standing alone, could be considered reasonable, appellee nevertheless must be discharged because of the cumulative effect of the delays. While there may be room for disagreement as to the reasonableness of each individual delay, this court defers to the trial court's superior knowledge and judgment regarding its own docket. Thus, we agree with the trial court's ultimate judgment to discharge appellee.
Based on the foregoing analysis, the assignment of error is not well-taken. Accordingly, the judgment of the trial court is affirmed.
FORD, P.J., O'NEILL, J., concur.
[1] The one hundred forty-one days represents the time that elapsed after the parties had briefed the issue for the trial court. One hundred eighty days actually passed between the filing of the motion and the trial court's ruling thereon.