OPINION
Appellant Glen Waters appeals his conviction, in the Licking County Municipal Court, on the basis that he was denied his right to a speedy trial. The following facts give rise to this appeal. On December 2, 1999, appellant was charged with failure to attach a temporary tag to a deer that he killed, while hunting, which is a third degree misdemeanor. At his arraignment on December 29, 1999, appellant entered a plea of not guilty. On January 5, 2000, the trial court issued an order scheduling the case for a bench trial on January 20, 2000. On the same day, appellant filed a jury demand. Thereafter, the trial court rescheduled this matter for a jury trial on January 13, 2000. On January 11, 2000, the state requested a continuance. The trial court granted the state's request and rescheduled this matter for a jury trial on February 7, 2000. On January 31, 2000, the state again requested a continuance because the arresting officer was on vacation. The trial court granted the continuance, on February 1, 2000, and rescheduled the jury trial for March 13, 2000. The same day, appellant filed a memorandum opposing the state's requested continuance. On March 1, 2000, the trial court issued an order sua sponte continuing the jury trial until April 3, 2000. The trial court's order indicated that the reason for the continuance was "* * * that the judge will be unavailable." The trial court also found "* * * that the continuance is reasonable in all respects and is granted pursuant to Ohio Revised Code Section 2945.72(H)." The judgment entry did not indicate the reason for the judge's unavailability. On March 30, 2000, appellant filed a motion to dismiss on the basis that he was denied his right to a speedy trial. The parties appeared before the trial court on April 3, 2000, and the trial court denied appellant's motion. The trial court continued the case again, until April 10, 2000. Thereafter, defense counsel requested a continuance due to the fact that he was scheduled to appear in another matter. The trial court granted defense counsel's request on April 12, 2000, and rescheduled this matter for a jury trial on May 8, 2000. On the day of trial, appellant entered a plea of no contest. The trial court found appellant guilty and sentenced him accordingly. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S SPEEDY TRIAL MOTION.
 I
In his sole assignment of error, appellant contends the trial court erred when it failed to grant his motion to dismiss based on a denial of his right to a speedy trial. We disagree. R.C. 2945.71(B)(1) addresses the time within which a hearing or trial must be held for third degree misdemeanors and provides as follows: (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial: (1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days. Appellant alleges that a total of one hundred fifty-nine days expired between the time the state served him with a copy of the complaint and he was brought to trial. Appellant does not challenge the continuances requested by the state or defense counsel. Appellant only challenges the trial court's sua sponte continuance on the basis that it did not provide an adequate reason for the continuance and therefore, did not toll the time under R.C.2945.72(H). When the trial court grants a sua sponte continuance, the record must demonstrate that the continuance was reasonable and that it made a journal entry prior to the expiration of the time limit prescribed by R.C. 2945.71. State v. Mincy (1982), 2 Ohio St.3d 6, 7-8. The trial court must also state its reasons for the continuance in the judgment entry granting the continuance. Id. at syllabus. A mere entry on the record is insufficient unless the reasonableness of the continuance cannot be seriously challenged. State v. Lee (1976), 48 Ohio St.2d 208,209. This burden is contrary to the presumption of regularity generally accorded to trial proceedings, however, it is necessary to carry out the purpose of the speedy trial statutes. Id. at 209. In the case sub judice, the trial court sua sponte continued the trial date prior to the expiration of the time period within which appellant had to be brought to trial. For speedy trial purposes, only thirty-nine days had expired at the time the trial court continued the trial date. We further conclude that the reason for the continuance, that the trial judge was unavailable, was reasonable. Appellant argues this was not an adequate reason for the continuance and cites to the cases of State v. Wentworth (1978), 54 Ohio St.2d 171; State v. King (1994), 70 Ohio St.3d 158; and the Lee case, supra. All three of the cases cited by appellant provide that the trial court must state, on the record, the reason for the continuance. Appellant did not cite to any cases that indicated the trial judge's unavailability is not a reasonable reason for a continuance. In fact, the Ohio Supreme Court found, in the case of State v. Saffel (1988), 35 Ohio St.3d 90, that a continuance was reasonable where the trial judge was unavailable during the earliest possible week the defendant could have been brought to trial. The Court stated: "[i]n cases such as these, it is difficult, if not unwise, to establish a per se rule of what constitutes 'reasonableness' * * *. Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case." Id. at 91. In the matter currently before the court, the trial court stated that its reason for the continuance was due to unavailability. We conclude, based on the facts and circumstances of this case, that the reasonableness of the trial court's sua sponte continuance cannot be challenged. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio, is hereby affirmed.
By: Wise, J. Gwin, P.J., and Edwards, J., concur.