This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Roy Heater has appealed from his misdemeanor conviction for domestic violence, claiming that the trial court improperly denied his motion to dismiss in violation of his right to a speedy trial. Based upon the record, this Court affirms.
 I.
On March 28, 2000, Defendant was arrested and arraigned in the Wayne County Municipal Court for domestic violence. The charges were the result of a quarrel in which Defendant threatened bodily injury to his wife. On March 30, 2000, a trial date of May 5, 2000 was scheduled. Thereafter, a pretrial conference was requested by Defendant. The trial date was not changed, and a pretrial conference was held on May 4, 2000. At that time, the State moved the trial court for a continuance, claiming that it required more time to gather evidence. After a brief meeting in chambers, the trial court issued an order rescheduling the trial for June 2, 2000. The order specifically stated that "[defense] counsel has no objection."
On June 1, 2000, Defendant moved to dismiss the charges, claiming the State had failed to bring him to trial in a timely manner pursuant to R.C. 2945.71 and the Ohio and United States Constitutions. The trial court immediately denied the motion. On June 2, 2000, Defendant plead no contest and, following the State's presentation, was found guilty by the trial court. After sentencing, Defendant timely appealed, asserting one assignment of error.
 II. The trial court erred in denying Defendant's motion to dismiss, violating [his] constitutional rights to a speedy trial as guaranteed by the Ohio and United States Constitutions, and as codified in [R.C. 2945.71].
 For his sole assignment of error, Defendant has claimed that the trial court failed to dismiss the charges against him on June 1, 2000 as the statutory speedy trial clock had expired. Specifically, Defendant has argued that the record in this case demonstrates that the continuance granted May 4, 2000 was not reasonable because the State failed to justify its desire to collect more evidence. The State has countered, arguing that the continuance, while requested by the State, may still be charged to Defendant because it was reasonable.
Defendant was charged with domestic violence, in violation of R.C.2919.25(C), a misdemeanor in the third degree. A defendant charged with this crime must be brought to trial within forty-five days after the arrest or service of summons. R.C. 2945.71(B)(1). Pursuant to R.C.2945.72(H), that time period may be extended upon motion of the State if the requested continuance is reasonable. See State v. Saffell (1988),35 Ohio St.3d 90, 91 (holding that reasonableness should be determined on a case-by-case basis). This Court recently held that the reasonableness of a continuance is satisfactorily evidenced by a defendant's failure to object and to assert persuasively the basis for a contrary conclusion when that defendant is notified of the continuance and the reasons therefor. State v. Deshich (Jan. 10, 2001), Medina App. No. 3054-M, unreported, at 5, citing State v. Lee (1976), 48 Ohio St.2d 208, syllabus.
Upon review of the record, this Court concludes that the statutory speedy trial clock in this case was tolled until June 2, 2000. Defendant moved to dismiss on June 1, 2000, arguing that the State had not justified its request for time to gather more evidence. However, the tolling is the direct result of defense counsel's actions on May 4, 2000. The record indicates that after being fully apprised of the State's request and the purported necessity thereof, defense counsel stood having no objection and agreed to the June 2, 2000 trial date. Had counsel voiced opposition or stated that he had no position on the matter, the result herein might have been different; the trial court would have had the opportunity to scrutinize the underlying reasonableness of the State's request and determine whether such was supported by the record. Having agreed to the continuance under circumstances which made it clear that the case would not go to trial within the speedy trial deadline, Defendant cannot now be heard to complain. The challenge as to the reasonableness of the continuance is not well taken.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ BETH WHITMORE
SLABY, P.J., CARR, J. CONCUR.