This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Scott Layton appeals from the decision of the Medina Municipal Court denying his motion to dismiss criminal charges against him on the grounds that he was denied a speedy trial. This court affirms.
 I.
On May 5, 2000, Scott Layton was charged with driving under the influence of alcohol and failure to yield the right of way. On June 14, 2000, Layton filed a motion to suppress the evidence obtained pursuant to a traffic stop that allegedly was not based on any reasonable or articulable suspicion of unlawful activity. On August 14, 2000, a hearing was held on the suppression motion, and the judge ruled from the bench that the motion was denied. However, the trial court did not journalize its decision to deny the suppression motion until October 25, 2000. On November 27, 2000, Layton filed a motion to dismiss, asserting that his speedy trial right had been violated.
On November 28, 2000, the trial court denied the motion to dismiss, and Layton pled no contest. The court convicted Layton of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a first degree misdemeanor, and failure to yield, in violation of R.C. 4511.44. The court imposed a sentence of 90 days in jail, with eighty days suspended. Layton filed the instant appeal.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED [IN] OVERRULING APPELLANT'S MOTION TO DISMISS BASED UPON A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL.
 Layton assigns as error that he was denied his right to be afforded a speedy trial, in violation of his rights as guaranteed by statute, the United States Constitution and the Ohio Constitution.
When reviewing an assignment of error raising a defendant's denial of his right to a speedy trial, this court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas (Aug. 4, 1999), Lorain App. No. 98CA007058, unreported, at 4.
R.C. 2945.71(B)(2) states that a person charged with a misdemeanor shall be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons[.]" R.C. 2945.73(B) requires a defendant to be discharged if not brought to trial within the time required by R.C.2945.71, so long as the defendant made a motion at or prior to the commencement of trial. R.C. 2945.72 provides that the time period under R.C. 2945.71 may be extended or tolled under certain circumstances. Pursuant to R.C. 2945.72(E), the speedy trial time may be extended during "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."
Layton does not contest that he should be charged with the time elapsed between the filing of his motion to suppress and a reasonable time after the hearing on the motion. Rather, Layton argues that the trial court delayed for an unreasonable period of seventy-two days between the hearing, at which the judge issued his decision from the bench, and the journalization of the court's order denying the motion to suppress. Layton points out that the journalized order is virtually identical to the decision issued from the bench at the conclusion of the hearing on the suppression motion.
The prosecution is charged with the forty days that elapsed between the arrest on May 5, 2000, and the filing of the suppression motion on June 14, 2000. The prosecution is also charged with the thirty-three days between the journalization of the court's order overruling the suppression motion on October 25, 2000, and the filing of the motion to dismiss on November 27, 2000. This amounts to seventy-three days charged to the state.
Layton argued to the trial court that the order denying the suppression motion should have been journalized in no more than thirty days. By this argument, the balance of the seventy-two days that elapsed between the suppression hearing and the journal entry denying suppression should be charged to the state. According to Layton, the lapse of forty-two days until journalization of the order should be added to the seventy-three days clearly charged to the state. Under this scenario, Layton's speedy trial time of ninety days was exceeded by twenty-five days.
In overruling the motion to dismiss on speedy trial grounds, the trial court stated that given the heavy docket of the court, the time elapsed between the hearing and the journalization of the order was reasonable. Layton cites to Sup.R. 8(B) in support of his argument to this court that the court should have ruled on his motion within thirty days after the suppression hearing. It appears that Layton intended to cite to Sup.R. 7(A)[1] which requires an entry specified in Crim.R. 32 to be filed and journalized within thirty days of "the verdict, decree, or decision." Crim.R. 32 involves the entry of a judgment of conviction and sentencing. Thus, Sup.R. 7(A) does not apply to the instant case.
Layton also cites to Sup.R. 40(A) which requires a court to rule on a motion within one hundred twenty days after the motion is filed. There was a lapse of one hundred thirty-three days between the filing of the suppression motion and the court's journal entry overruling the motion. This court has recently reviewed this requirement as it applies to a speedy trial claim. State v. Deshich (Jan. 10, 2001), Medina App. No. 3054-M, unreported. We noted there that the rules of superintendence are not guarantees of substantive rights, but are housekeeping rules. Id. at 9, citing State v. Gettys (1976), 49 Ohio App.2d 241, 243, and State v.Singer (1977), 50 Ohio St.2d 103, 110. Whether a delay in ruling on a motion is reasonable "depends on the peculiar facts and circumstances of a particular case." State v. Saffell (1988), 35 Ohio St.3d 90, 91.
In overruling the motion to dismiss on speedy trial grounds, the trial court noted that "[t]he Medina Municipal Court is a single-judge court handling nearly 22,000 cases per year." Given the heavy docket load of the court, this court cannot conclude that the delay between the hearing on the suppression motion and the court's journalization of the order is unreasonable.
The trial court determined that only seventy-four days elapsed since the date of Layton's arrest, when accounting for the reasonable time necessitated by Layton's suppression motion. The trial court's determination of the days elapsed was accurate, and its determination to assess one hundred thirty-three days to Layton for addressing the suppression motion was not contrary to law. See Thomas, Lorain App. No. 98CA007058, unreported, at 4.
Layton's assignment of error is overruled, and the decision of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ WILLIAM R. BAIRD
SLABY, J., CARR, J. CONCUR
[1] Sup.R. 8(B) provides that each court shall adopt a local rule of the court dealing with the appointment of counsel.