OPINION
{¶ 1} Appellant appeals her conviction entered in the Licking County Municipal Court.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On November 8, 2004, Appellant was arrested one count of Operating a Motor Vehicle Under the Influence, in violation of R.C. §4511.19(A)(1) and one count of failing to maintain reasonable control of a motor vehicle under R.C. § 4511.202.
 {¶ 4} A jury trial date was set for January 10, 2005.
 {¶ 5} On January 4, 2005, Appellant filed a request for discovery.
 {¶ 6} On the evening of January 8, 2005, the uncle of the prosecuting attorney suffered a massive stroke and died.
 {¶ 7} On January 10, 2005, an assistant law director appeared on behalf of the prosecuting attorney and moved the trial court for a continuance due to a sudden family emergency. Appellant did not object to the motion, and the trial court granted same. An Entry was prepared by the State upon the return of the prosecutor which was sent to the trial court on January 26, 2005, and was signed by the court on January 28, 2005.
 {¶ 8} On January 25, 2005, the State filed a response to Appellant's demand for discovery.
 {¶ 9} The trial was rescheduled to February 28, 2005.
 {¶ 10} On February 22, 2005, the State moved for second continuance on the basis that the arresting officer was on vacation and would be unable to appear for trial.
 {¶ 11} The trial court granted the continuance and rescheduled the trial to April 25, 2005.
 {¶ 12} On March 7, 2005, Appellant filed a Motion to Dismiss on speedy trial grounds.
 {¶ 13} On March 11, 2005, the trial court denied Appellant's motion.
 {¶ 14} On April 22, 2005, Appellant entered a plea of no contest to the charges. The trial court found Appellant guilty and sentenced her to 180 days in jail, a fine of $750.00 and a three (3) year license suspension.
 {¶ 15} Appellant filed an appeal and this matter is now before this court for consideration. Appellant's Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROVIDE A SPEEDY TRIAL.
 {¶ 17} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE STATE AN EX PARTE CONTINUANCE PAST THE 90 DAY LIMIT OF SECTION 2945.71 OF THE OHIO REVISED CODE FOR BRINGING AN ACCUSED TO TRIAL."
 I. {¶ 18} In her first assignment of error, Appellant claims the trial court erred in overruling her motion to dismiss for a violation of her speedy trial rights. We disagree.
 {¶ 19} R.C. § 2945.71 provides, in pertinent part:
 {¶ 20} "(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
 {¶ 21} "* * *
 {¶ 22} "(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree . . .
 {¶ 23} R.C. § 2945.71(B) is subject, however, to the tolling provisions of R.C. § 2945.72, which provides, in pertinent part:
 {¶ 24} "The time within which an accused must be brought to trial may be extended only by the following:
 {¶ 25} "* * *
 {¶ 26} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
 {¶ 27} As stated above, R.C. § 2945.71 requires that appellant be brought to trial within 90 days of her arrest. As noted above, she was arrested November 8, 2004. Her change of pleas occurred on April 22, 2005. Appellant argues 168 days elapsed between her arrest and her change of plea.
 {¶ 28} Again, R.C. § 2945.72 extends the time within which the accused must be brought to trial for various reasons, including any period of delay necessitated by motion, proceedings, or actions instituted by the accused. Appellant's computation of the time chargeable to the State does not take into account her request for discovery, which was filed on January 4, 2005. In State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, the Ohio Supreme Court found that the time during which a discovery motion filed by a defendant is pending tolls the speedy trial clock.
 {¶ 29} The State responded to the demand for discovery on January 25, 2005.
 {¶ 30} Deducting the time between November 8 and the motion filed on January 4, as ascribable to her, we find 56 days elapsed. The State responded to the demand for discovery on January 25, 2005.
 {¶ 31} The time would have started running again upon the filing of such response to discovery but the State moved for a continuance, which was orally granted, on January 10, 2005, and was journalized on January 28, 2005. The trial date was moved to February 28, 2005.
 {¶ 32} Continuances granted on the State's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. State v. Saffell (1988),35 Ohio St.3d 90, 91, 518 N.E.2d 934. The record must affirmatively demonstrate the continuance was reasonable and necessary. Id. A continuance must be journalized before the expiration of the time limits specified in R.C. 2945.71. State v. Mincy (1982), 2 Ohio St.3d 6,441 N.E.2d 571, syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. State v. Lee (1976), 48 Ohio St.2d 208, 210,357 N.E.2d 1095. "[I]t is difficult, if not unwise, to establish a perse rule of what constitutes "reasonableness" beyond the ninety-day structure of R.C. 2945.71." Saffell, supra. "Invariably, resolution of such a question depends on the particular facts and circumstances of a particular case." Id.
 {¶ 33} Even if we count the days from the filing of the response to discover, to the journalization of the continuance on January 28, 2005, we still only have a count of 59 days.
 {¶ 34} The State filed a request for a second continuance on February 22, 2005, because it had been notified that the arresting officer would be unavailable for the period of February 28, 2005, through March 5, 2005. The trial court granted the State's motion for a continuance, finding "that the Prosecution's request for a continuance is reasonable pursuant to Section 2945.72(H) of the Ohio Revised Code."
 {¶ 35} A continuance based upon the fact the arresting officer is unavailable at the time of trial is not unreasonable. See, Saffell,supra, See also State v. Walker (May 27, 1999), Licking County App. No. 98CA00121. The trial date was moved from February 28, 2005, to April 25, 2005.
 {¶ 36} We find the trial court's granting of the State's motion for a continuance due to the unavailability of the arresting officer was not unreasonable.
 {¶ 37} On March 7, 2005, Appellant filed a motion to dismiss on speedy trial grounds. Said motion was denied by Entry filed March 11, 2005. As stated by Appellee, this would have tolled the time for an additional four days if such time had not already been tolled by the continuance.
 {¶ 38} On April 22, 2005, Appellant entered her pleas of no contest to the charges.
 {¶ 39} Based on the foregoing, we conclude the State brought appellant to trial within the statutory time.
 {¶ 40} Appellant's first Assignment of Error is denied.
 II. {¶ 41} In her second assignment of error, Appellant claims the trial court erred in granting an ex parte continuance past the 90 day limit provided by R.C. § 2945.71. We disagree.
 {¶ 42} Appellant claims that the trial court should have held a hearing on the State's second motion for continuance to determine the necessity of the witness to the State and/or the reasonableness of his unavailability.
 {¶ 43} The decision to grant or deny a continuance "is a matter that is entrusted to the broad, sound discretion of the trial judge." Statev. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus. "Abuse of discretion" connotes more than a mere error in judgment; it implies an attitude on the part of the court that is arbitrary, unreasonable, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144. Moreover, "there are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Unger, 67 Ohio St.2d at 67, 423 N.E.2d 1078, quoting Ungar v. Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841,11 L.Ed.2d 921.
 {¶ 44} When evaluating a motion for a continuance, the trial court should balance a number of factors, including:
 {¶ 45} "[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger,67 Ohio St.2d at 67-68, 423 N.E.2d 1078.
 {¶ 46} As stated above, it has previously been held that a continuance based upon the fact the arresting officer is unavailable at the time of trial is not unreasonable. See, Saffell, supra, See also State v. Walker
(May 27, 1999), Licking County App. No. 98CA00121.
 {¶ 47} Appellant's second assignment of error is denied.
 {¶ 48} The judgment of the Licking County Municipal Court is hereby affirmed.
Boggins, P.J. and Gwin, J., concur. Hoffman, J. concurs separately.