JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Richard Wohlgemuth, appeals his conviction in Garfield Heights Municipal Court on the basis that he did not receive a speedy trial. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On January 4, 2005, City of Independence patrolman, Troy Keegan, issued the appellant a traffic citation for speeding, in violation of Independence Traffic Ordinance 333.03. He was cited for traveling 55 miles per hour in a 35 mile-per-hour zone. Because the violation was the appellant's second speeding citation of the year, he was charged with a fourth degree misdemeanor, pursuant to Independence Municipal Ordinance 307.02.
 {¶ 3} On January 12, 2005, the appellant appeared in Independence Mayor's Court and pleaded not guilty to the speeding violation. Because he entered a plea of not guilty, his case was transferred to the Garfield Heights Municipal Court for further proceedings. On January 26, 2005, the appellant pleaded not guilty in Garfield Heights Municipal Court, and his case was scheduled for trial on February 17, 2005. Although the trial was originally set for February 17, 2005, Officer Keegan was unavailable on that date due to a previously scheduled vacation, and the trial was rescheduled to March 17, 2005. On March 17, 2005, the appellant changed his plea to no contest and was found guilty of speeding. He was fined $150 and court costs. On April 14, 2005, the appellant filed an appeal with this court arguing that he was denied his constitutional right to a speedy trial; however, the appeal was dismissed on the basis that the appellant failed to file the trial record, pursuant to Appellate Rule 10(A). On May 9, 2005, the appellant filed the appropriate record and his appeal was reinstated.
 {¶ 4} The appellant now brings his appeal asserting one assignment of error for our review:
 {¶ 5} "I. The trial court erred by failing to dismiss the charge against the appellant on the grounds that appellant was not afforded a speedy trial."
 {¶ 6} The appellant argues that he was denied his constitutional right to a speedy trial. More specifically, he asserts that the proceedings against him spanned a period of 72 days, well beyond the 45 days allotted for a speedy trial in a misdemeanor matter. In addition, he argues that, pursuant to the trial court's policy regarding continuances, the extension of his trial date from February 17, 2005 to March 17, 2005 was invalid.
 {¶ 7} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state. State v. O'Brien (1987),34 Ohio St.3d 7. In Barker v. Wingo (1972), 407 U.S. 514, 523,92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 112-113, the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C.2945.71 in order to comply with the Barker decision. See, also,State v. Lewis (1990), 70 Ohio App.3d 624.
 {¶ 8} R.C. 2945.71 states, in pertinent part:
 {¶ 9} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 10} "(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days.
 {¶ 11} "* * *
 {¶ 12} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."
 {¶ 13} It is well established that the Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and shall be strictly enforced by the courts of this state. State v.Pachay (1980), 64 Ohio St.2d 218.
 {¶ 14} Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. State v.Howard (1992), 79 Ohio App.3d 705. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. State v. Geraldo (1983),13 Ohio App.3d 27.
 {¶ 15} The appellant argues that the trial court's continuance of his case from February 17, 2005 to March 17, 2005 removed it from the speedy trial time line of 45 days; however, we do not agree. The Supreme Court of Ohio held in State v.Saffell (1988), 35 Ohio St.3d 90; 518 N.E.2d 934, that a continuance granted to the state on the basis that an arresting officer would be on vacation at the time of the originally scheduled trial date was reasonable. The Court further stated that any extension of time beyond the limit for a speedy trial is acceptable, so long as the continuance is reasonable and is necessary under the circumstances of the case. Saffell, supra. R.C. 2945.72(H) provides additional support for Saffell by stating:
 {¶ 16} "The time within which an accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 17} "* * *
 {¶ 18} "(H) The period of any continuance granted on the accused's motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 19} The continuance of the appellant's trial on the basis of Officer Keegan's unavailability was reasonable. Officer Keegan was the patrolman that observed the appellant, documented the appellant's speed and issued a citation to the appellant. His testimony was essential to the prosecution's case, and a delay on the basis of his unavailability was entirely reasonable and necessary under the circumstances. The delay was for approximately one month. In considering the congested dockets of many municipal courts, the 30-day extension was in no way excessive.
 {¶ 20} When evaluating the situation in its totality, it is clear that the appellant's right to a speedy trial was not violated. The matter was pending for a total of 72 days; however, it was continued for roughly 30 days. If that 30-day continuance is subtracted from the 72 total days that the matter was pending, 42 days remain, which is well within the 45 days allotted for a speedy trial in a misdemeanor matter. Although the full adjudication of the appellant's case took longer than anticipated, it was only elongated due to the unavailability of Officer Keegan.
 {¶ 21} Pursuant to the Ohio Supreme Court's holding inSaffell, as well as R.C. 2945.72(H), such an extension was entirely reasonable and did not violate the appellant's right to a speedy trial. Accordingly, we find that the appellant did receive a speedy trial under the circumstances, and we affirm the findings of the trial court.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Blackmon, J., Concur.